UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ashlee Rehbein and Shirlee Rose,<br><br>                Plaintiffs,<br>   v.<br><br>Insight Management Partners LLC,<br><br>                Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiffs, Ashlee Rehbein and Shirlee Rose, by undersigned counsel, state as follows:

## **JURISDICTION**

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of the Plaintiffs' personal privacy by the Defendant in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiffs, Ashlee Rehbein and Shirlee Rose ("Ashlee" and "Shirlee" and collectively referred to as "Plaintiffs"), are adult individuals residing in Knoxville, Tennessee, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Insight Management Partners LLC ("IMP"), is a New York business entity with an address of 128 Church Street, East Aurora, New York 14052, operating as

a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. Ashlee allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to IMP for collection, or IMP was employed by the Creditor to collect the Debt.

9. IMP attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. IMP Engages in Harassment and Abusive Tactics

10. On or around October 5, 2020, IMP called Ashlee in an attempt to collect the Debt and left a voicemail message.

11. In its message, IMP failed to identify itself as a debt collector, as required by law.

12. IMP stated that it was a final message to reach Ashlee, and that due to Ashlee's lack of response, Ashlee's pending matter would be marked as a refusal to pay and that IMP would recommend moving forward against Ashlee.

13. IMP requested a call back from Ashlee or Ashlee's attorney.

14. Ashlee understood IMP's message as a threat of suit.

15. To date, IMP has not initiated legal action against Ashlee.

16. Moreover, IMP called Ashlee's mother, Shirlee, and left a similar voicemail message.

17. Shirlee did not co-sign for the Debt and is in no way associated with the Debt or responsible for its repayment.

18. Ashlee did not give IMP permission to speak with Shirlee.

19. IMP's disclosure of the Debt to Shirlee caused Ashlee a significant amount of embarrassment and distress.

## C. **Plaintiffs Suffered Actual Damages**

20. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendant's unlawful conduct.

21. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

22. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties and failed to confirm or correct location information.

24. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

26. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in

connection with the collection of a debt.

27. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

28. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

29. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

30. The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform the consumer that the communication was an attempt to collect a debt.

31. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

32. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs respectfully pray that judgment be awarded in the Plaintiffs' favor and against the Defendant as follows:

1. Against the named Defendant, jointly and severally, awarding the Plaintiffs actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendant, awarding the Plaintiffs statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendant, jointly and severally, awarding the Plaintiffs recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3);

4. Against the named Defendant, jointly and severally, awarding the Plaintiffs punitive damages in such amount as is found appropriate; and

5. Granting the Plaintiffs such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 18, 2021

        Respectfully submitted,

        By */s/ Sergei Lemberg*

        Sergei Lemberg, Esq. (SL 6331)
        LEMBERG LAW, LLC
        43 Danbury Road, 3d Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Attorneys for Plaintiffs